1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  DONNA BAILEY,                        NO. 2:99-cv-2522-MCE-EFB

12          Plaintiff,

13      v.                               MEMORANDUM AND ORDER

14  AT&T WIRELESS SERVICES
    DIVISION; AT&T; DIANA
15  WONG; RICK MASON; CATH
    WASHBURN and DOES 1 through
16  50, inclusive,

17          Defendants.

18                          ----oo0oo----

19

20      Through the present motion, Defendant AT&T Wireless

21  Services, Inc. ("Defendant")[1] moves to continue the trial date in

22  this matter, presently set for February 14, 2007.  Defendant's

23  Motion is based upon a professional scheduling conflict that

24  makes its current trial counsel, David L. Perrault, unavailable

25  to try the case as currently scheduled.

26  _____

27      [1] Summary Judgment in favor of the remaining named
    Defendants in this matter was granted by Order of this Court
28  filed December 24, 2001.

                                1

For the reasons set forth below, Defendant's Motion will be denied.

**BACKGROUND**

This action involves allegations of gender discrimination and harassment by Plaintiff Donna Bailey ("Plaintiff") against her former employer, Defendant AT&T Wireless Services.  Plaintiff alleges violations of state and federal laws pursuant to Title VII and The California Fair Employment and Housing Act. Plaintiff's lawsuit was originally removed to this Court on December 22, 1999, more than eight years ago.  The presently scheduled trial date of February 14, 2007 is the twelfth trial date assigned in this case.

Defendant's current counsel, the law firm of Hardy, Erich, Brown and Wilson, did not substitute into this matter until September 19, 2006, as a result of illness on the part of prior counsel Kevin R. Iams.  While Plaintiff had previously stipulated to a trial continuance in 2006 to accommodate Mr. Iams' health concerns, Plaintiff now opposes this request given the numerous and lengthy delays that have already transpired.

According to the Declaration of Plaintiff's counsel, Anthony J. Poidmore, Mr. Perrault initially informed him of the potential need for yet another trial continuance on December 1, 2006. (Poidmore Decl., ¶ 6).

///

///

///

1   Perrault explained that a trial scheduled to begin in Sutter

2   County Superior Court on January 9, 2007 might run longer than

3   its originally anticipated three week length, making him

4   potentially available to start trial in this matter on February

5   14, 2007.  (Perrault Decl., ¶¶ 5-7, 10; Motion, 2:1-3).

6   Poidmore, in turn, told Perrault that his client was already

7   upset with the delays in the case and would not agree to any

8   further continuances, therefore necessitating this motion.

9   (Poidmore Decl., ¶ 7).

10

11                              **STANDARD**

12

13        The decision to grant or deny a continuance of trial lies

14   well within the discretion of this Court.  <u>Rios-Barrios v.</u>

15   <u>I.N.S.</u>, 776 F.2d 859, 862-863 (9th Cir. 1985).  In assessing the

16   need for a continuance, four factors should be considered: 1) the

17   requesting party's diligence in preparing his case for trial; 2)

18   the need for the continuance; 3) whether granting the continuance

19   will inconvenience the court and the opposing party, including

20   its witnesses; and 4) the extent to which the party requesting

21   the continuance will suffer harm as a result of the district

22   court's denial.  <u>U.S. v. 2.61 Acres of Land</u>, 791 F.2d 666, 670-71

23   (9th Cir. 1986).  No one of these factors is dispositive; absent

24   a showing of prejudice to the requesting party, a district

25   court's refusal to grant a continuance will not be disturbed on

26   appeal.  <u>Id.</u> at 671.

27   ///

28   ///

**ANALYSIS**

Defendant's Motion does not indicate what efforts, if any, Mr. Perrault made to have another attorney in his office be available to try this matter, despite his admitted awareness on December 1, 2006, some two-and-a-half months prior to trial, that he himself might be unavailable.  While Perrault claims in his Supplemental Declaration that he is the only attorney in his firm who has tried an employment case, he concedes that his firm has ten other attorneys, five of whom try cases.  (Perrault Supp. Decl., ¶¶ 3, 5).  Perrault does not say why one of those attorneys could not have been ready to assume the handling of this matter given the considerable period of time he has been aware of a potential conflict.  Perrault himself has handled the case only for the past four months; nearly two of which he knew that a trial conflict might exist.  In addition, both this case and the case for which a conflict was claimed were both set for trial well in advance of Perrault's assumption of the defense herein on September 19, 2006.[2]  Under these circumstances, the Court cannot conclude that Mr. Perrault and his firm have demonstrated diligence in obviating the need for a continuance.

///

///

///

///

_____

[2] Mr. Perrault states that the Solano County case was set for trial in June of 2006 (Perrault Supp. Decl., ¶ 7), and the February 14, 2007 trial date in this case was established by Minute Order dated July 20, 2006.

1    Granting yet another continuance in this eight year old case
2  would, on the other hand, be clearly inconvenient to the
3  Plaintiff, who would yet again be forced to reschedule the
4  testimony of subpoenaed witnesses, clear her own schedule, and
5  once more make arrangements to travel to California from New
6  Hampshire where she currently resides.  In addition, as Plaintiff
7  points out, as memories continue to fade with the passage of
8  additional time she is also subject to prejudice in that regard
9  as well.

10    After carefully balancing all the competing concerns
11  implicated by Defendant's continuance request, the Court
12  concludes that further delay is not warranted.  Defendant's
13  Motion to Continue Trial is accordingly DENIED.[3]

14    IT IS SO ORDERED.

15

16

Dated: January 23, 2007

17

18                                                    _____
19                                                    MORRISON C. ENGLAND, JR.
                                                      UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

---

27    [3] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefing.  E.D.
28  Local Rule 78-230(h).

                                    5